UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXIS MONTERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MOUNT VERNON, NEW YORK; and DEBORAH REYNOLDS, in her official capacity as Comptroller for the City of Mount Vernon, New York,<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

Alexis Montero ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Blitman & King LLP, as and for his Complaint against the City of Mount Vernon, New York ("Defendant City") and Deborah Reynolds, in her official capacity as Comptroller for the City ("Defendant Reynolds") (collectively "Defendants") alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1.       Plaintiff brings this action against Defendants for unpaid and late-paid overtime compensation in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Defendants have regularly required Plaintiff and other similarly situated non-exempt employees to work more than 40 hours per week but—pursuant to a common unlawful pattern, practice, and/or policy—has not paid them the overtime compensation that they

earned on their regular pay day for such workweeks, or at all.  Plaintiff, on behalf of himself and others similarly situated, seeks declaratory and injunctive relief requiring Defendants to comply with the law, as well as an award of unpaid wages, liquidated damages, attorney's fees and costs, and all other relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  This Court has jurisdiction of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(a)(1), because the matter arises under the laws of the United States and in controversy exceeds $75,000.00, exclusive of interests and costs.

3.  Venue is appropriate in this District under 28 U.S.C. § 1391(b)(1) and (2) because the Defendants reside in this District and because a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

**Plaintiff Alexis Montero**

4.  Plaintiff is a resident of Mount Vernon, New York.

5.  At all times relevant to this action, Plaintiff has been employed full-time by Defendant City as a non-exempt hourly "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

6.  At all times relevant to this action, Plaintiff has been employed by Defendant City as a Sewer Maintainer in the Department of Public Works.

7.  Plaintiff has consented to become a party plaintiff in this collective action under the FLSA pursuant to 29 U.S.C. 216(b).  Attached hereto as Exhibit A is Plaintiff's signed consent form.

**Defendant City of Mount Vernon**

8. Defendant City is an incorporated City within the State of New York and a "public agency" as that term is defined by Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

9. At all times relevant to this action, Defendant City was Plaintiff's "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times relevant to this action, the City was an enterprise engaged in commerce or in the production of goods and commerce in that it engaged in enterprise that is the activity of a public agency as defined by Section 3(s)(1)(C) of the FLSA, 29 U.S.C. § 203(s)(1)(C).

**Defendant Deborah Reynolds**

11. Defendant Reynolds is the Comptroller of the City of Mount Vernon, New York,

12. At all times relevant to this action, Defendant Reynolds, as an agent of Defendant City, was Plaintiff's "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Under the Charter of Defendant City, Defendant Reynolds and her agents have the sole authority to issue checks from the City's depositary, including the paychecks issued to Plaintiff and similarly situated employees which form the basis of this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings this suit for FLSA violations as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and the following class of similarly situated persons ("FLSA Collective"):

> All hourly non-exempt employees of Defendant City who, during the statutory limitations period, worked in excess of 40 hours per week during one or more

workweek but who did not receive the overtime compensation to which they were entitled on their regular pay day for the period in which the overtime hours were worked, or at all.

15. Plaintiff and members of the FLSA Collective are similarly situated because they are all nonexempt hourly employees of Defendant City who were required to work more than 40 hours per week and who were uniformly subjected to Defendants' pattern, practice, and/or policy of not paying earned overtime compensation on the regular pay day for the workweek in which the compensation was earned, or at all.

16. Plaintiff and members of the FLSA Collective suffered the same type of injury in the form of unpaid and late-paid overtime compensation, and in each case such injury was caused by the same pattern, practice, and/or policy described in the preceding paragraph.

17. It is appropriate to certify this action as a collective action on behalf of the FLSA Collective and to permit the issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the proposed FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

**FACTUAL ALLEGATIONS**

18. At all times relevant to this action, Plaintiff Montero has been employed full-time by Defendant City as a non-exempt hourly Sewer Maintainer in the Department of Public Works.

19. Defendant City supervised and controlled the work schedules of Plaintiff and members of the FLSA Collective by, for example, assigning the tasks and work that they performed and determining the hours that they worked.

20. Plaintiff and members of the FLSA Collective are paid on a bi-weekly basis.

21. The regular pay day for Plaintiff and members of the FLSA Collective occurs on the Friday after the end of a given bi-weekly pay period.

22. The normal workweek for Plaintiff and members of the FLSA Collective consisted of 40 hours per week Monday through Friday; however, Defendant City regularly required Plaintiff and members of the FLSA Collective to work more than 40 hours per workweek.

23. Pursuant to Defendants' pattern, practice, and/or policy of not paying earned overtime compensation on the regular pay day for the workweek in which the compensation was earned, or at all, Plaintiff and members of the FLSA Collective were not paid and/or not timely paid all overtime compensation to which they were entitled under the FLSA.

24. For example, during the bi-weekly pay period covering September 21, 2020 to October 4, 2020, Plaintiff worked at least 41.5 hours during the first workweek (September 21 to September 27) and at least 49.5 hours during the second workweek (September 28 to October 4).  However, on the regular pay day for that pay period (October 9, 2020), Plaintiff received a paycheck for only 80 hours of straight-time pay and no overtime compensation.

25. During the bi-weekly pay period covering October 5, 2020 to October 18, 2020, Plaintiff worked at least 45.5 hours during the first workweek (October 5 to October 11) and at least 40 hours during the second workweek (October 12 to October 18).  However, on the regular pay day for that pay period (October 23, 2020), Plaintiff received a paycheck for only 80 hours of straight-time pay and no overtime compensation.

26. During the bi-weekly pay period covering November 30, 2020 to December 13, 2020, Plaintiff worked at least 40.5 hours during the first workweek (November 30 to December

6) and at least 47.5 hours during the second workweek (December 7 to December 13). However, on the regular pay day for that pay period (December 18, 2020), Plaintiff received a paycheck for only 80 hours of straight-time pay and no overtime compensation.

27. During the bi-weekly pay period covering February 8, 2021 to February 21, 2021, Plaintiff worked at least 57.5 hours during the first workweek (February 8 to February 14). However, on the regular pay day for that pay period (February 26, 2021), Plaintiff received a paycheck for only 40 hours of straight-time pay and no overtime compensation for that workweek.

28. Defendants treated all members of the FLSA Collective the same or similar as Plaintiff with respect to the systematic payment of only 80 hours of straight-time pay regardless of whether they actually worked more than 40 hours in one or both of the weeks within a given bi-weekly pay period.

29. On several occasions, Defendants provided payments ostensibly intended to compensate Plaintiff and members of the FLSA Collective for back overtime compensation well after the regular pay day for the workweek in which the compensation was earned; however, those payments were untimely and often did not cover all unpaid overtime compensation owed.

30. Upon information and belief, Defendants have publicly acknowledged the violations alleged herein.  According to a news report published by News12 Westchester dated March 3, 2021, the Mayor of Defendant City, Shawyn Patterson-Howard, was quoted as stating: "It's a shame that the comptroller tries to vilify our workers and deny them their OT."  The same news report quoted Defendant Reynolds as stating: "Mayor Patterson-Howard and her

administration violated the labor law by allowing DPW to work overtime, knowing her city's 2021 budget was not adopted until Wednesday.  Her failure to do her job creates this type of hostile environment."  *See* "Mount Vernon municipal workers demand city pay for overtime wages," available at https://westchester.news12.com/mount-vernon-municipal-workers-demand-city-pay-for-overtime-wages (last visited March 4, 2021).

## FIRST CAUSE OF ACTION

### Unpaid Overtime Compensation in Violation of 29 U.S.C. §§ 207(a), 216(b)
### On Behalf of Plaintiff and FLSA Collective

31. Each preceding paragraph is incorporated by reference as though fully set forth herein.

32. Defendants regularly and knowingly suffered or permitted Plaintiff and members of the FLSA Collective to work more than 40 hours per workweek during the statutory limitations period.

33. Defendant failed to pay Plaintiff and members of the FLSA Collective at one and one-half times their regular rate for all hours worked in excess of 40 in violation of the FLSA.

34. Defendants' violations were part of an unlawful pattern, practice, and/or policy.

35. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime compensation owed for time worked in excess of 40 hours per week from which Defendants derived a direct and substantial benefit.

36. Defendants' violations of the FLSA have been willful and intentional.

## SECOND CAUSE OF ACTION

**Late-Paid Overtime Compensation in Violation of 29 U.S.C. §§ 207(a), 216(b)
On Behalf of Plaintiff and FLSA Collective**

37. Each preceding paragraph is incorporated by reference as though fully set forth herein.

38. Defendants regularly and knowingly suffered or permitted Plaintiff and members of the FLSA Collective to work more than 40 hours per workweek during the statutory limitations period.

39. Defendant failed to timely pay Plaintiff and members of the FLSA Collective at one and one-half times their regular rate for all hours worked in excess of 40 in violation of the FLSA.

40. Defendants' violations were part of an unlawful pattern, practice, and/or policy.

41. Plaintiff and members of the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because even when Defendants did pay overtime compensation, there was unreasonable and unlawful delay in payment in violation of the FLSA.

42. Defendants' violations of the FLSA have been willful and intentional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alexis Montero, on behalf of himself and all others similarly situated, respectfully requests the following relief:

    a. Certification of this action as a collective action on behalf of the FLSA Collective and permission to issue notice pursuant to 29 U.S.C. § 216(b);

    b. A declaratory judgment that Defendants have violated the FLSA in the

manner described above, and that the practices complained of herein are unlawful;

    c.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from continuing to violate the FLSA in the manner described above;

    d.    An award of unpaid overtime compensation due under the FLSA;

    e.    An award of liquidated damages equal to the amount of unpaid and/or late-paid wages and overtime compensation due under the FLSA;

    f.    An award of attorney's fees and costs;

    g.    Pre-judgment and post-judgment interest, as provided by law; and

    h.    Any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on every issue so triable.

Dated: March 5, 2021

**BLITMAN & KING LLP**

s/ Brian J. LaClair
Brian J. LaClair (BL3158)
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Tel: (315) 422-7111
Fax: (315) 471-2623
Email: bjlaclair@bklawyers.com

*Attorneys for Plaintiff Alexis Montero, on behalf of himself and all others similarly situated*