**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALEXIS MONTERO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CITY OF MOUNT VERNON, NEW YORK; and DEBORAH REYNOLDS, in her official capacity as Comptroller for the City of Mount Vernon, New York

Defendants.

Civil Action No. 21-cv-01924

STIPULATION OF SETTLEMENT

This Stipulation of Settlement is made by and between the Named Plaintiff Alexis Montero and the Opt-In Plaintiffs (as defined below), on the one hand, and Defendants City of Mount Vernon, New York ("City") and Deborah Reynolds, in her official capacity as Comptroller for the City of Mount Vernon, New York ("Reynolds") (collectively, "Defendants"), on the other hand, to fully and completely settle the above captioned civil action ("Action").

**WHEREAS**, Named Plaintiff Alexis Montero filed a complaint on March 5, 2021, on his own behalf as well as other similarly situated City of Mount Vernon Department of Public Works employees alleging violations by Defendant City and Defendant Reynolds, the former City of Mount Vernon Comptroller, of the Fair Labor Standards Act of 1938 ("FLSA") through her or her office's failure to pay overtime compensation timely; and

**WHEREAS,** on November 9, 2022, an Order issued granting Conditional Certification of Collective Action pursuant to 29 U.S.C § 216 (b); and

**WHEREAS,** 55 individuals (in addition to Named Plaintiff Montero) consented to join the collective action within the deadline to join the collective and expressly designated Named Plaintiff Montero as their agent to make decisions on their behalf concerning the action, including the settlement thereof, and agreed to be bound by the decisions made and agreements entered into by Named Plaintiff Montero ("Opt-In Plaintiffs); and

**WHEREAS**, to avoid uncertainty and the expense and burdens of further litigation and after substantial exchange of information and arms-length settlement negotiations, the parties (this includes Named and Opt-In Plaintiffs) are interested in

resolving the issues alleged in the Complaint in this Action and have negotiated in good faith for that purpose; and

**WHEREAS**, none of the parties to the above-captioned action is an infant or incompetent person; and

**WHEREAS**, the parties in the above-captioned action wish to discontinue the litigation;

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties:

1. Defendant City, on behalf of all Defendants, shall pay the sum of $206,865.06 to Named Plaintiff Montero and the Opt-In Plaintiffs pursuant to the individual amounts specified on Exhibit A attached hereto. Such payments shall be treated as liquidated damages for the untimely payments alleged in the Complaint (which allegations Defendants have denied) and shall be reported on a Form 1099.

2. Defendant City, on behalf of all Defendants, shall pay the sum of $55,000.00 to Plaintiffs' counsel, Blitman & King LLP, constituting reimbursement for reasonable attorney's fees and costs incurred in connection with this Action.

3. In consideration of the payments referenced above, Named Plaintiff Montero and the Opt-In Plaintiffs who deposit their checks shall be deemed to have released each of the Defendants in their individual and official capacities from any and all claims, liabilities and causes of action under the Fair Labor Standards Act arising out of the events set forth in the Complaint in the above-captioned Action.

4. The parties agree that the terms of this Settlement are fair and reasonable under the totality of the circumstances, including but not limited to: (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

5. The parties will submit a joint motion for approval of the Settlement and dismissal of the Action with prejudice as soon as practicable after the execution of this Stipulation. The parties acknowledge that the Settlement is not effective unless and until the Court approves the same and agree to work together cooperatively to secure Court approval.

6. Within 14 days of the issuance of a court order approving the Settlement, Defendant City will mail checks in the amounts specified on Exhibit A, along with a notice substantially in the form of the notice attached hereto as Exhibit B, to Named Plaintiff Montero and the Opt-In Plaintiffs. Opt-In Plaintiffs who deposit their check within 90 days of receipt of the check will be deemed to have agreed to participate in the Settlement and release claims against Defendants consistent with the release provision above. Defendant City will notify Plaintiffs' counsel of any Opt-In Plaintiffs who have not deposited their checks within the aforementioned 90-day period and allow an

additional 60 days thereafter for such Opt-In Plaintiffs to request the re-issuance of their checks.

7. The parties hereby agree that, upon the Court's approval of this settlement, the above-captioned action shall be dismissed and discontinued with prejudice as to the Defendants, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and that any and all of the claims in this Action or that otherwise arise out of any of the incidents alleged in the Complaint held by Named Plaintiff Montero and the Opt-In Plaintiffs who negotiate their settlement checks are hereby settled, as against the Defendants, in full satisfaction of all claims for damages, costs, disbursements, and legal fees.

8. Nothing herein shall be construed as an admission or concession of liability whatsoever by any of the Defendants regarding any of the allegations made by the Plaintiffs in the Complaint.

9. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement.

10. This Stipulation of Settlement embodies the parties' entire agreement.

Dated: February 16, 2024

ALEXIS MONTERO, Individually and on Behalf of Opt-In Plaintiffs

CITY OF MOUNT VERNON

By: Brian G. Johnson

Title: Corporation Counsel

# EXHIBIT "A"

**EXHIBIT A TO SETTLEMENT AGREEMENT -- Montero, et al. v. City of Mount Vernon, et al., No. 21-CV-1924 (S.D.N.Y.)**

| | | | Alleged Late OT Payment Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **First** | **Last** | **Opt In Dkt No** | 11/20/2020 | 12/9/2020 | 1/29/2021 | 3/8/2021 | 4/23/2021 | 5/26/2021 | Other | Alleged Liquid Damages | **Settlement Payments** |
| Jesse | Abad | 82 | $465.48 | $372.38 | $372.38 | $280.36 | | | | $1,490.60 | $1,117.95 |
| Vernon | Bagby | 100 | $219.42 | $526.60 | $1,489.95 | $879.01 | | | | $3,114.98 | $2,336.24 |
| Ramone | Bennett | 61 | $3,823.95 | $2,411.78 | $4,718.34 | $19,184.37 | | | | $30,138.44 | $22,603.83 |
| Joseph | Braccia | 49 | $1,414.40 | $702.13 | $877.67 | $3,519.40 | $1,057.24 | $969.13 | | $8,539.97 | $6,404.98 |
| Corey | Brown | 75 | $1,458.03 | $388.82 | $1,563.33 | $3,222.84 | $390.30 | $1,463.61 | | $8,486.93 | $6,365.20 |
| Kenneth | Butler | 51 | $481.03 | $641.37 | $659.50 | $6,473.47 | | | | $8,255.37 | $6,191.53 |
| Joseph | Carretta | 79 | $2,146.51 | $1,908.01 | $1,444.25 | $5,459.94 | $399.03 | $798.05 | | $12,155.79 | $9,116.84 |
| Michael | Chambers | 71 - | - | - | - | - | - | | | $0.00 | $150 |
| Eric | Chandler | 78 | | $372.38 | | | | $560.72 | | $933.10 | $699.83 |
| David | Clark | 85 | | $364.99 | $365.00 | $825.91 | | | | $1,555.90 | $1,166.93 |
| Ricky | Clarke | 68 | | $1,011.48 | $1,789.59 | $2,789.99 | | $312.42 | | $5,903.48 | $4,427.61 |
| John | Cromwell | 88 | | $338.81 | $635.26 | | | | | $974.07 | $730.55 |
| Frank | D'Ambrosio | 54 | $375.17 | | $66.21 | $22.07 | $412.20 | | | $875.65 | $656.74 |
| David | Davis | 48 | | | $848.03 | $1,242.31 | $390.30 | $585.44 | | $3,066.08 | $2,299.56 |
| William | Dorman | 66 | | $376.90 | $690.99 | $2,265.35 | | | | $3,333.24 | $2,499.93 |
| Christopher | Ellis | 47 | | | | $330.51 | | | | $330.51 | $330.51 |
| Christopher | Ellis Sr. | 76 - | - | - | - | - | - | | | $0.00 | $150 |
| Icario | Franck | 92 - | - | - | - | - | - | | | $0.00 | $150 |
| Normond | Gainey | 52 - | - | - | - | - | - | | | $0.00 | $150 |
| Kaison | Hickson | 74 | | | | $350.00 | | | | $350.00 | $350 |
| Salim | Horton | 90 | | $372.38 | $768.04 | $373.81 | | $841.08 | | $2,355.31 | $1,766.48 |
| Clifford | Johnson | 55 | $2,386.11 | $1,633.97 | $2,956.71 | $3,950.32 | $312.42 | $312.42 | | $11,551.95 | $8,663.96 |
| Dwayne | Jones | 63 | $3,264.74 | $2,911.79 | $2,264.73 | $8,841.11 | | $1,180.99 | | $18,463.36 | $13,847.52 |
| Tyree | Kendall | 77 | | | | | | | $393.75 | $393.75 | $393.75 |
| Ronald | Layne | 67 | $829.96 | $1,244.93 | $1,244.93 | $3,324.58 | $208.28 | | | $6,852.68 | $5,139.51 |
| Marco | Lepidi | 73 - | - | - | - | - | - | | | $0.00 | $150 |
| Vincent | Lepidi | 81 | | | | | | | $213.75 | $213.75 | $213.75 |
| Erwin | Lewis | 64 | $562.39 | $271.20 | $449.91 | $2,096.47 | $774.24 | $193.56 | | $4,347.77 | $3,260.83 |
| $ | Lewis | 62 | $21.61 | | | $175.00 | | | | $196.61 | $196.61 |
| Joseph | Lewis | 42 | $631.81 | | | $169.41 | | | | $801.22 | $600.92 |
| Robert | Lewis | 91 | $1,166.42 | $1,555.23 | $3,110.45 | $13,935.37 | | | | $19,767.47 | $14,825.60 |
| Darrin | Lynch | 70 | | | | $707.55 | | | | $707.55 | $530.66 |
| Alexis | Montero | - | $2,138.43 | $2,332.84 | $3,061.86 | $11,420.42 | | | | $18,953.55 | $14,215.16 |
| Christopher | Moses | 45 - | - | - | - | - | - | | | $0.00 | $150 |
| John | Moses | 46 | $2,566.69 | $1,472.23 | $1,736.67 | $8,391.54 | $1,145.55 | | | $15,312.68 | $11,484.51 |
| Gerald | Murray | 84 | $372.38 | $372.38 | $310.32 | $1,710.68 | | $560.72 | | $3,326.48 | $2,494.86 |
| Timothy | Price | 56 | $1,244.94 | $414.98 | $829.96 | $2,909.61 | | | | $5,399.49 | $4,049.62 |
| Lamont | Radcliff | 80 | $1,555.23 | $388.81 | $388.81 | $3,272.87 | $390.30 | $292.72 | | $6,288.74 | $4,716.56 |
| Rommell | Raphael | 98 | $402.36 | | $402.36 | $1,558.94 | | | | $2,363.66 | $1,772.75 |
| Darrell | Robinson | 50 | $1,861.92 | $372.38 | $1,629.18 | $3,001.32 | | $747.62 | | $7,612.42 | $5,709.32 |
| Kenji | Robinson | 53 | $388.81 | | | $2,265.53 | | | | $2,654.34 | $1,990.76 |
| Celio | Rodrigues | 60 | | | | $4,997.15 | | $163.17 | | $5,160.32 | $3,870.24 |
| Hector | Ruiz | 69 | | $1,007.75 | $757.42 | $1,710.66 | | $667.89 | | $4,143.72 | $3,107.79 |
| James (Dominique) | Sgammato | 96 | $812.83 | $388.81 | $558.63 | $2,271.03 | | | | $4,031.30 | $3,023.48 |
| Harold | Smith | 44 | $1,763.65 | $1,115.25 | $1,141.18 | $3,981.72 | $156.21 | | | $8,158.01 | $6,118.51 |
| August | Spencer | 93 - | - | - | - | - | - | | | $0.00 | $150 |
| Danny | Terry | 72 | $353.10 | $353.04 | $1,482.90 | | | | | $2,189.04 | $1,641.78 |
| Alphonso | Thomas | 59 - | - | - | - | - | - | | | $0.00 | $150 |
| Corey | Thomas | 43 | $365.00 | | | $2,056.80 | | | | $2,421.80 | $1,816.35 |
| Kurt | Tyndal | 58 | $232.74 | $1,117.15 | | $1,855.17 | | | | $3,205.06 | $2,403.80 |
| Elon | Valentine | 94 | | $353.04 | | $1,704.44 | | | | $2,057.48 | $1,543.11 |
| Michael | Vanderberg | 99 | $1,893.33 | $1,322.74 | $907.76 | $3,745.21 | | $728.99 | | $8,598.03 | $6,448.52 |
| Taryn | Vanderberg | 65 | $393.18 | | | | | $192.32 | | $585.50 | $585.50 |
| George | Vicente | 87 | $1,701.03 | $1,555.23 | $1,636.23 | $9,312.58 | | | | $14,205.07 | $10,653.80 |
| Banks | Wheeler | 57 | | | | $594.31 | | | | $594.31 | $594.31 |
| Jamie | Wiltshire | 86 | $271.22 | $271.20 | $372.92 | | | | | $915.34 | $686.51 |
| | | | | | | | | | | | **$206,865.06** |

# EXHIBIT B

***EXHIBIT B TO SETTLEMENT AGREEMENT***

[PROPOSED NOTICE]

**COURT-AUTHORIZED NOTICE TO SETTLEMENT-ELIGIBLE INDIVIDUALS**

[INSERT NAME/ADDRESS]

You are receiving this notice because on or about [INSERT DATE OF CONSENT TO JOIN FORM] you submitted a consent to join form as an opt-in plaintiff in the litigation commenced by Plaintiff Alexis Montero ("Named Plaintiff") against Defendants City of Mount Vernon, New York ("City") and Deborah Reynolds, in her official capacity as Comptroller for the City of Mount Vernon, New York ("Reynolds") (collectively, "Defendants"), S.D.N.Y. Case No. 21-CV-1924 ("Action"), in which you agreed to be bound by, among other things, any settlement reached by the Named Plaintiff and Defendants concerning the untimely overtime payments, attorney's fees and costs, and other relief arising out of the alleged untimely overtime payments made by Defendants between September 1, 2020 and June 30, 2022. This notice is advising you of the settlement the parties reached in this litigation, which has been approved by the Court.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement.

**AMOUNT APPORTIONED TO YOU UNDER SETTLEMENT AGREEMENT**

Under the allocation formula created by the settlement, you are entitled to receive $[Insert Amount] in compensation for the allegedly untimely payment of overtime compensation to you. This amount is based on your applicable pay and timekeeping records during your employment with the City during the relevant liability period.

*Enclosed with this Notice is a settlement check. You have the following choice to make now:*

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

ENDORSE AND DEPOSIT THE CHECK: By endorsing and depositing the check within ninety (90) days of receipt of the check, you will be agreeing to participate in the settlement and releasing the Defendants in their individual and official capacities from any and all claims, liabilities and causes of action under the Fair Labor Standards Act arising out of the events set forth in the Complaint in this Action.

--OR—

***EXHIBIT B TO SETTLEMENT AGREEMENT***

DO NOT DEPOSIT THE CHECK: If you do not wish to participate in, or be bound by, the settlement, you should not deposit the check.

BASIC INFORMATION ABOUT THE SETTLEMENT

- Basic terms of the settlement, which the Court in charge of this case has approved as fair and reasonable to all parties on [Insert Approval Order Date]:

  - Each employee of the City's Department of Public Works between September 1, 2020 and June 30, 2022, who has submitted a form consenting to join the litigation – like you – is eligible to receive a payment pursuant to the terms of the settlement agreement, which has been approved by the Court. The total settlement payments amount to $206,865.01. The individual settlement payments to the Named Plaintiff and each Opt-In Plaintiff are based on the amount of late overtime compensation payments he/she received during the above period based on his/her pay and timekeeping records: You are eligible to receive $[Payment Amount], which will be reported on a Form 1099. Neither Defendants nor Plaintiffs' Counsel make any representations concerning tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice regarding your participation in this settlement.

  - The City will pay Plaintiffs' Counsel (Blitman & King, LLP) $55,000.00, which compensates them for investigating the facts, litigating the case, negotiating the settlement, as well as their out-of-pocket costs related thereto.

- Why is there a settlement? In approving the settlement, the Court has not decided the merits of the case in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed in this case, but there was no decision or ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the costs, delay, and uncertainties associated with a trial, and the people affected will get compensation. The Named Plaintiffs and the attorneys think the settlement is the best result for the Named Plaintiff and all Opt-In Plaintiffs (like you).

- What am I giving up to get a payment? By accepting and depositing the check enclosed with this Notice within ninety (90) days, you are agreeing to remain a Plaintiff in this case and agreeing to be bound by the settlement. You are also agreeing that you cannot sue, continue to sue, or be a party in any other lawsuit against Defendants about the legal issues in this case. Specifically, by accepting and depositing the check are agreeing to release each of the Defendants in their individual and official capacities from any and all claims, liabilities and causes of action under the Fair Labor Standards Act arising out of the events set forth in the Complaint in the Action.

***EXHIBIT B TO SETTLEMENT AGREEMENT***

- What happens if I do not want to participate in the settlement? If you do not deposit the check within ninety (90) days of receipt of the check, you will not be covered by this settlement, you will not remain a participant in the case and you will not receive any of the settlement funds listed above. This means that you give up the possibility of getting money from this settlement, but you will not waive any of your rights to bring a separate case against Defendants for any FLSA violations during the relevant liability period of this case.

- More details about the settlement: This notice summarizes the settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement from Plaintiffs' Counsel (contact information below) and/or ask them any additional questions you may have:

  Brian J. LaClair, Esq.
  Blitman & King LLP
  Franklin Center, Suite 300
  443 North Franklin Street
  Syracuse, New York 13204
  315-422-7111
  bjlaclair@bklawyers.com

[END]